Filed 10/10/25  P. v. Rubio CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B337630 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA055209) |
| v. | |
| DAVID GONZALEZ RUBIO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Daniel B. Feldstern, Judge.  Affirmed and remanded with directions.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

## I.   INTRODUCTION

Defendant David Gonzalez Rubio petitioned for resentencing under Penal Code section 1172.75,[1] and the trial court recalled his sentence, struck three one-year prior prison term enhancements imposed under section 667.5, subdivision (b), struck two gang enhancements, and left the remaining terms of the original sentence unchanged.  The abstract of judgment, however, reflected the imposition of a gang enhancement that was not included in the court's oral pronouncement of judgment.

On appeal, the parties agree that the abstract of judgment should be corrected to reflect the trial court's oral pronouncement.  In supplemental briefing, defendant also contends that the court erred by imposing the high term on count 2 because the court relied, in part, on aggravating factors which must now be admitted by the defendant or found true by a jury.

We affirm but remand with instructions to amend the abstract to accurately reflect the court's oral pronouncement.

## II.   PROCEDURAL BACKGROUND

On November 9, 2006, the Los Angeles County District Attorney (District Attorney) filed an information charging defendant in count 1 with attempted premeditated murder in violation of sections 187, subdivision (a) and 664; and in count 2 with possession of a firearm by a felon in violation of former section 12021, subdivision (a)(1).  As to count 1, the District Attorney alleged that, in the commission of that offense, defendant personally used a handgun, personally discharged a

---

[1]     All further statutory references are to the Penal Code.

2

handgun, and personally discharged a handgun causing great bodily injury within the meaning of section 12022.53, subdivisions (b) through (d). As to both counts, the District Attorney also alleged that the offense was committed for the benefit of, at the direction of, and in association with a criminal street gang within the meaning of section 186.22, subdivision (b)(1) and defendant had suffered three convictions for which a prison term was served within the meaning of section 667.5, subdivision (b).

A jury found defendant guilty on both counts and found the firearm and gang allegations true. And, the trial court found defendant had been sentenced to three prior prison terms within the meaning of section 667.5, subdivision (b).

The trial court sentenced defendant on court 1 to an aggregate term of 40 years to life, comprised of a life sentence with parole eligibility after a minimum of 15 years pursuant to the gang enhancement set forth at section 186.22, subdivision (b)(5), plus a consecutive 25-years-to-life gun enhancement pursuant to section 12022.53, subdivision (d). On count 2, the court imposed a high term three-year sentence, plus a three-year gang enhancement pursuant to section 186.22, subdivision (b)(1) and three one-year prior prison term enhancements pursuant to section 667.5, subdivision (b). The court also imposed but stayed 10- and 15- year gun enhancements pursuant to section 12022.53, subdivisions (b) and (c).

On May 19, 2021, the trial court entered an amended abstract of judgment.

In November 2022, the Department of Corrections and Rehabilitation advised the trial court that defendant may be eligible for resentencing pursuant to former section 1171.1

(current section 1172.75) because his sentence included three one-year enhancements imposed under section 667.5, subdivision (b).

On February 23, 2023, the trial court entered an order appointing counsel for defendant, and on December 5, 2023, defendant filed a memorandum in support of resentencing. In addition to arguing that his three one-year enhancements under section 667.5, subdivision (b) should be stricken, defendant asserted that he had a right to move to strike the gang enhancements imposed on his sentence pursuant to Assembly Bill No. 333[2] or, in the alternative, those enhancements should be stayed in the interests of justice and judicial economy. Defendant conceded, however, that between 2017 and 2022, he had five rules violations while in prison, including for engaging in multiple fights with other inmates and had sustained two convictions, including one for assault with a deadly weapon on a prisoner.

On January 24, 2024, the prosecution filed an opposition arguing that, even assuming the parties stipulated to striking the gang enhancements, defendant should be sentenced to a term of between 17 and 32 years to life based on the gun enhancements under section 12022.53, subdivisions (b) through (d).

On March 14, 2024, the trial court held a resentencing hearing under section 1172.75. On count l, the court struck the gang enhancement imposed under section 186.22, subdivision (b)(5), with no other change in sentence on that count. On count 2, the court struck the three-year gang enhancement

---

[2] "Assembly Bill No. 333 . . . amended section 186.22 to impose new substantive and procedural requirements for gang allegations." (*People v. Sek* (2022) 74 Cal.App.5th 657, 665.)

4

imposed under section 186.22, subdivision (b)(1) and the three one-year prior prison term enhancements imposed pursuant to section 667.5, subdivision (b).  The court explained that "the sentence is ultimately reduced by six years overall", three years for the three one-year priors and the three-year term for the gang enhancement on count 2.  In all other respects, the defendant's original sentence remained unchanged.  The court then issued an abstract of judgment which included the imposition of a 15-year term pursuant to a gang enhancement under section "186.22(B)(1) [*sic*]" on count 1.  The abstract of judgment also stated that defendant was sentenced to "25 years to Life" on count 1.

Defendant filed a timely notice of appeal.

## III.   DISCUSSION

A.   *Abstract of Judgment*

Defendant argues, and the Attorney General concedes, that the gang enhancement imposed pursuant to section 186.22, subdivision (b)(5) on count 1 reflected in the abstract of judgment conflicts with the trial court's oral pronouncement of judgment.  We agree.  In the respondent's brief, the Attorney General also notes that the abstract of judgment reflected that defendant was sentenced to "25 years to Life" on count 1, when it should have reflected the oral pronouncement that defendant was sentenced to "an indeterminate life term for the offense (which carries a minimum parole eligibility period of seven years by statute) plus an enhancement of 25 years to life pursuant [to] section 12022.53, subdivision (d) . . . ."  Defendant did not file a reply in response to

5

the Attorney General's request that we modify the reference to a "25 years to Life" sentence on count 1. We agree with the Attorney General that the abstract should also be amended to reflect the oral pronouncement on count 1.

B.     *Upper Term Sentence on Count 2*

In a supplemental letter brief, defendant "challenges the trial court's reimposition of the upper term on [c]ount 2 without complying with . . . sections 1172.75 subdivision (d) and 1170, subdivision (b), which require that any aggravating fact be admitted by the defendant or found true by a jury", citing the decision in *People v. Gonzales* (2024) 107 Cal.App.5th 312 (*Gonzales*). We disagree.

Section 1172.75, subdivision (d)(4) provides, "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

There is a split of authority on whether section 1172.75, subdivision (d)(4) permits a trial court to reimpose an upper term sentence where the facts underlying an aggravating circumstance were neither stipulated to by the defendant nor found true by the trier of fact beyond a reasonable doubt. (Compare *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466 [a court may reimpose an upper term originally imposed] (*Brannon-Thompson*) with *Gonzales, supra*, 107 Cal.App.5th at p. 330 [rejecting

6

*Brannon-Thompson's* construction of section 1172.75, subdivision (d)(4)].)[3]

We agree with the conclusion in *Brannon-Thompson, supra*, 104 Cal.App.5th 455 that, giving the language of section 1172.75, subdivision (d)(4) "its plain meaning, it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term *for the first time* at a section 1172.75 resentencing.  Section 1172.75, subdivision (d)(4) is, therefore, an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson, supra*, 104 Cal.App.5th at pp. 466–467, italics added.)  Accordingly, the trial court did not err in resentencing defendant to the upper term on count 2.

---

[3]     Our Supreme Court has granted a petition for review that addresses the split between *Brannon-Thompson, supra,* 104 Cal.App.5th 455 and *Gonzales, supra*, 107 Cal.App.5th 312. (*People v. Mathis* (2025) 111 Cal.App.5th 359, 373, fn. 6, review granted Aug. 13, 2025, S291628, citing *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903).)

# IV.   DISPOSITION

The resentencing order is affirmed and the matter is remanded with directions to amend the abstract of judgment to reflect the trial court's oral pronouncement of judgment by (1) striking the section 186.22, subdivision (b) gang enhancement on count 1; and (2) by checking the box next to paragraph 5, indicating that defendant was sentenced to "LIFE WITH THE POSSIBILITY OF PAROLE" on count 1 and deleting the check on the box next to paragraph 6(b), which states defendant was sentenced to "25 years to Life" on count 1.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.

8